UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
GERALD SIMON,

                           Plaintiff,

      -against-

LOCAL 94-94A-94B, INTERNATIONAL UNION OF
OPERATING ENGINEERS, AFL-CIO.,

                           Defendant.
------------------------------------------------------------------ x

*SUA SPONTE* REPORT AND
RECOMMENDATION

23-CV-3714 (DG)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

      In May 2023, Plaintiff Gerald Simon, proceeding *pro se*, sued Defendant Local 94-94A-94B, International Union of Operating Engineers, AFL-CIO in state court. (*See* ECF No. 1 at 5–8.) Defendants removed this action to federal court the same month. (*See generally* ECF No. 1.) Since then, Plaintiff has failed to appear or otherwise participate in this action. As set forth below, the Court respectfully and *sua sponte* recommends that this action should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

      On May 4, 2023, Plaintiff filed a complaint in the Supreme Court of the State of New York, Richmond County, alleging that he had a "problem" with getting his disability pension. (ECF No. 1 at 6.) On May 18, 2024, Defendant removed the lawsuit to this Court because Plaintiff's claims, broadly construed, allege violations of the Labor Management Relations Act, a federal statute. (*See* ECF No. 1 at 2–3.)

      On January 3, 2024, the Court directed the parties to appear for a video initial conference on January 26, 2024. (Jan. 3, 2024 Scheduling Order.) On January 5, 2024, the Court amended its Scheduling Order and converted the video conference to a telephone

conference at the same time and date. (*See* Jan. 5, 2024 Order.) The Clerk of Court mailed copies of the Court's Orders and the summary docket sheet to Plaintiff at his mailing address of record in Staten Island, New York. The Clerk's mailings were not returned as undeliverable. Further, on January 11, 2024, defense counsel mailed copies of the January 5, 2024 Order, the full docket sheet, and all filings to date to Plaintiff by certified and regular mail at his mailing address of record. (*See* ECF No. 9.)

On January 26, 2024, attorney Jane L. Barker, Esq. appeared at the telephone status conference on behalf of Defendant but Plaintiff did not appear. (*See* Jan. 26, 2024 Minute Entry.) Plaintiff did not seek to adjourn the conference in advance and did not respond to telephone calls from the Court's staff that day. (*Id.*)

In an Order dated January 26, 2024, the Court reminded Plaintiff of his obligations to comply with the Court's orders and to appear for conferences with the Court when directed to do so. (*Id.*) The Court directed the parties to appear for another telephone initial conference on February 22, 2024. (Jan. 26, 2024 Scheduling Order.) The Court warned Plaintiff that if he failed to appear for that conference, the Court may recommend dismissal of the case for failure to prosecute. (Jan. 26, 2024 Minute Entry.) For the second time, copies of the Court's Orders were mailed to Plaintiff at his mailing address of record in Staten Island, New York. The Court did not receive any notification that these mailings were undeliverable.

On February 22, 2024, attorney Trevor Hanrahan, Esq. appeared at the telephone status conference on behalf of Defendant but Plaintiff did not appear. (*See* Feb. 22, 2024 Minute Entry.) As with the January 26, 2024 conference, Plaintiff did not seek to adjourn this second conference in advance and did not respond to telephone calls from the Court's staff that day.

During the conference, defense counsel also provided an alternate telephone number for Plaintiff that was listed in Defendant's files. However, when the Court's staff attempted to contact Plaintiff at that number, the calls were unable to be completed. To date, Plaintiff has failed to appear in this action.

"A court may, in its discretion, dismiss a case under Rule 41(b) '[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]'" *Pothen v. Stony Brook Univ.*, 211 F. Supp. 3d 486, 492 (E.D.N.Y. 2016) (quoting Fed. R. Civ. P. 41(b)); *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (The power to dismiss for failure to prosecute "while explicitly sanctioned by Rule 41(b) has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (internal quotations and citation omitted). In determining whether to dismiss a plaintiff's case pursuant to Rule 41(b), the court considers: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). "No single factor is generally dispositive." *Id.*

The circumstances of this case weigh in favor of dismissal of this action. First, the Plaintiff has not complied with this Court's orders to appear for two consecutive initial conferences in the past two months. Second, the Court notified Plaintiff that failure to respond

to the Court's orders would result in a recommendation to dismiss the action. (*See* Jan. 26, 2024 Order & Feb. 22, 2024 Order.) Third, Defendant is likely to be prejudiced because Plaintiff has failed to take any action in this case and as a result, caused an unreasonable delay. *See Leybinsky v. United States Citizenship & Immigr. Servs.*, No. 19-CV-6154 (RPK) (LB), 2020 WL 7295661, at *3 (E.D.N.Y. Dec. 2, 2020) (courts may presume such prejudice when the petitioner has caused an unreasonable delay). Fourth, because Plaintiff has not acted in this case since commencing the lawsuit, the Court cannot conclude that Plaintiff has any interest in being heard in this forum. Finally, there appears to be no sanction available other than dismissal where, as here, Plaintiff has failed to prosecute the claims at all. Accordingly, the Court recommends that this case should be dismissed.

A copy of this Report and Recommendation is being served on Defendant via ECF. The Clerk of Court is respectfully requested to serve a copy of this Report and Recommendation and the summary docket sheet on Plaintiff Gerald Simon at 180 Broad Street, Apartment 210, Staten Island, New York 10304.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections must be made in writing and shall be directed to Judge Gujarati. Plaintiff may send his objections to the Pro Se Office, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11205, and shall include the following case caption: *Simon v. Local 94-94A-94B, International Union of Operating Engineers*, AFL-CIO, 23-CV-3714 (DG)(MMH). If a party

fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision.  *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
February 26, 2024

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge